UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

STEVE BLAKENEY,                          )
                                         )
        Plaintiff,                       )
                                         )
    vs.                                  )        Case No. 4:15 CV 373 RWS
                                         )
CITY OF PINE LAWN et al.,                )
                                         )
        Defendants.                      )

## MEMORANDUM AND ORDER

This newly-removed case is before me on plaintiff Steve Blakeney's Motion to Remand.

Blakeney filed this case on January 29, 2015, in the Circuit Court of Saint Louis County,

Missouri, alleging that he was wrongfully discharged from the Pine Lawn Police Department in

retaliation for his participation in a FBI investigation into the Mayor of Pine Lawn.   Blakeney

brings eight counts in his state court petition related to his alleged wrongful discharge.  In Count

II of the petition, Blakeney pleads that he "was exercising his constitutional right of free speech

and this was a contributing factor in his retaliatory wrongful termination in violation of the 1st

and 14th Amendments of the U.S. Constitution and a violation of the State Constitution."

Petition at ¶ 60.  Citing this language, defendants City of Pine Lawn and Brian Kreuger

("Defendants") removed this case to this Court, alleging federal question jurisdiction pursuant to

28 U.S.C. § 1331 and § 1343, and supplemental jurisdiction over Blakeney's state law claims

pursuant to 28 U.S.C. § 1367(a).

Blakeney now moves to remand this case, arguing that there is no federal question

jurisdiction in the petition because the reference to his federal constitutional rights does not

amount to a claim "arising under" the Constitution.  Defendants oppose remand, arguing that

plaintiff's explicit invocation of his 1st and 14th Amendment rights falls squarely within 28 U.S.C. § 1331 and 28 U.S.C. § 1343. Defendants suggest that, since Blakeney's position is that his petition does not state a federal claim, he should amend his petition to make that clear. Absent amendment, Defendants argue, remand is improper.

Whether a claim arises under federal law is determined by reviewing a petition under the well-pleaded complaint rule. That rule provides that federal jurisdiction exists when a federal question is presented on the face of a plaintiff's properly pleaded complaint. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). A claim arises under federal law if federal law creates the cause of action in the complaint or if the vindication of a right under state law necessarily turns on some construction of federal law. Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. 804, 808 (1986). The Supreme Court has held that the appropriate test for federal question jurisdiction is "the degree to which federal law must be in the forefront of the case and not collateral, peripheral or remote." Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 813 *n*.11 (1986).

Rather than delve into the analysis of whether Blakeney's claim in Count II arises under federal law, I will grant Blakeney leave to amend his complaint within ten (10) days of this Order to clarify that he does not bring a federal claim by removing the reference to his rights under the United States Constitution, and I will defer ruling on the motion to remand until after that time.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Steve Blakeney shall have until **April 27, 2015**, to file an amended complaint clarifying whether he brings a federal claim.

**IT IS FURTHER ORDERED** that the Rule 16 Conference scheduled for April 23, 2015

is **VACATED** and will be reset at a later date, if necessary.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 17th day of April, 2015.